UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-145-RLV
(5:06-cr-22-RLV-CH-4)

| | |
|---|---|
| JEREMIAH LAMAR TEAGUE, )<br>)<br>Petitioner, )<br>)<br>) | **ORDER** |
| vs. )<br>) | |
| UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), following a remand from the Fourth Circuit Court of Appeals on the Government's motion to remand.

## I. BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on April 26, 2006, and charged with conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Crim. Case No. 5:06cr22-RLV-CH-4, Doc. No. 3). A little over a week later, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to rely on Petitioner's prior drug-trafficking conviction, obtained on February 4, 1998, for felony possession with intent to sell and deliver cocaine under North Carolina law, for purposes of sentencing. (Id., Doc. No. 30).

1

Petitioner entered a straight-up plea of guilty to the charged offenses on June 25, 2007. (Id., Doc. No. 400). The probation office prepared a presentence report ("PSR"), calculating a base offense level of 36 based on a drug quantity of 1.7 kilograms of crack cocaine. (Id., Doc. No. 1040 at ¶ 36: PSR). The probation officer recommended a three-level reduction for acceptance of responsibility, yielding a total offense level of 33. (Id., at ¶ 44). Based on a total offense level of 33 and a criminal-history category of VI, the probation office calculated a preliminary applicable Sentencing Guidelines range of imprisonment of between 235 and 293 months. (Id. at ¶ 103). Because Petitioner faced a statutory mandatory-minimum term of 240 months in prison, however, the applicable Guidelines term was increased to 240 to 293 months. See (Id. at ¶ 102; U.S.S.G. § 5G1.1(c)).

This Court sentenced Petitioner to 288 months in prison, toward the top of the applicable Guidelines range, entering its judgment on March 10, 2008. (Id., Doc. No. 652: Judgment). Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment. United States v. Teague, 391 F. App'x 250 (4th Cir. 2010). The Fourth Circuit issued its mandate on October 5, 2010. On October 13, 2011, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence is unlawful in light of Simmons because the felony offense supporting the Section 851 Information is no longer properly considered a "felony" offense. The Government moved to dismiss Petitioner's motion to vacate, arguing that his claim was procedurally defaulted, and this Court granted the Government's motion. (Case No. 5:11cv145, Doc. 19). Petitioner appealed.

On September 24, 2013, this Court reduced Petitioner's sentence to 240 months in prison based on Amendment 750 to the United States Sentencing Guidelines. (Crim. Case No. 5:06cr22-RLV-CH-4, Doc. No. 1096). Because Petitioner's sentence was reduced to the

statutory mandatory minimum, making Petitioner eligible for relief under Simmons, the Government moved to remand this matter, and the Fourth Circuit granted the Government's motion. (Id., Doc. Nos. 1190; 1209). The Government has now filed its response in support of Petitioner's motion to vacate.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Title 21, Section 851 provides for enhanced sentences based on any prior "felony drug offense." That term is defined, in Section 802(44), as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate

3

conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

As the Government notes in its brief in support, this Court enhanced Petitioner's sentence based on his prior conviction for possession with intent to sell and delivery cocaine under North Carolina General Statutes § 90-95(a). Because this offense is a Class H felony and Petitioner's prior record level was level 1, the highest sentence Petitioner could have received for this offense was eight months in prison, under the North Carolina Structured Sentencing Act, N.C. GEN. STAT. § 15A-1340.17(c) and (d). Accordingly, Petitioner could not have received a sentence of more than one year in prison based on this conviction under North Carolina law. Therefore, although Jones and Harp were still good law at the time this Court sentenced Petitioner, Simmons has made clear that Petitioner's prior drug-trafficking offense was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1), because it was not punishable by more than one year in prison.

With respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the due process clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Here, Petitioner's sentence has been reduced to the Simmons-infirm mandatory-minimum term of 240 months. The Government states that Petitioner is unable to seek a sentence reduction authorized by 18 U.S.C. § 3582(c)(2) because of this mandatory minimum, and the application of the mandatory minimum, therefore, violates Petitioner's right to due process under Hicks. Accordingly, the Government concedes, and this Court agrees, that Petitioner is entitled to be resentenced without

4

application of the enhanced mandatory minimum.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate on remand from the Fourth Circuit Court of Appeals.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED** on remand;

(2) Petitioner shall be resentenced in accordance with this Order.

Signed: August 22, 2016

Richard L. Voorhees
United States District Judge